IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS F.V., | ) |
|     Plaintiff, | ) No. 20 C 6618 |
| v. | ) Magistrate Judge M. David Weisman |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Luis F. V. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

## Background

On February 20, 2018, plaintiff applied for benefits, alleging a disability onset date of February 3, 2018. (R. 64-65.) His application was denied initially, on reconsideration, and after a hearing. (R. 16-25, 75, 90.) The Appeals Council declined review (R. 1-3), leaving the ALJ's decision as the final decision of the Acting Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts,

the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform ("RFC") his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of "morbid obesity; status post Chopart's amputation, left foot; status post right 5th metatarsal head resection; stage 3 chronic kidney disease due to diabetic neuropathy; diabetes mellitus II with neuropathy; and hypertension." (*Id.*) At step three, the ALJ found that plaintiff's impairments do not meet or medically equal a listed impairment. (R. 20.) At step four, the ALJ found that plaintiff cannot perform any past relevant work but has the RFC to perform sedentary work with certain exceptions. (R. 20-23.) At step five, the ALJ found that jobs exist in significant

numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 24-25.)

Plaintiff first takes issue with the ALJ's finding that plaintiff's impairments do not meet listing 1.05(B). Plaintiff meets that listing if he has had an amputation of "[o]ne or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic device to ambulate effectively." https://www.ssa.gov/OP_Home/cfr20/404/404-app-p01.htm (last visited June 17, 2022). An inability to ambulate effectively "means an extreme limitation of the ability to walk" or "having insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." *Id.* (last visited June 17, 2022). The ALJ said plaintiff did not meet this listing because there was no evidence of "stump complications resulting in medical inability to use a prosthetic device to ambulate effectively." (R. 20.)

Plaintiff does not dispute that he lacks stump complications but argues that he has other medical problems that prevent him from effectively ambulating and thus he should be deemed to meet listing 1.05(B). (ECF 21 at 6.) However, plaintiff does not identify any court that has accepted his argument that the listing can be met without stump complication. (*See id.*) Moreover, even if stump complication were not required, plaintiff would still have to show that he was unable to use a prosthetic device to ambulate effectively. Though plaintiff testified that walking with the prosthetic is "[a]wkward" and he occasionally falls when he does so (R. 42), he also said he uses it "daily." (R. 263, 275.) Further, his doctor's notes state that plaintiff said the prosthesis "is working great" and "provides increased stability." (R. 977, 982.) In short, plaintiff would not meet listing 1.05(B) even absent the requirement for stump complication.

Alternatively, plaintiff argues that his condition equals listing 1.05(B). Plaintiff's impairment equals that listing if: (1) it is described in that listing but plaintiff "do[es] not exhibit one or more of the findings specified in the . . . listing" or "one or more of the findings is not as severe as specified in the . . . listing;" (2) plaintiff's impairment is not described in listing 1.05(B), but the findings related to his impairment are at least of equal medical significance to those of that listing; or (3) plaintiff has a combination of impairments and "the findings related to [the] impairments are at least of equal medical significance to those of [the] listed impairment." 20 C.F.R. § 404.1526(a), (b). "A finding of medical equivalence requires an expert's opinion on the issue." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015).

Plaintiff argues that "the combination of [his] amputated left foot, diabetes mellitus type 2, neuropathy, and obesity may represent an equivalence in severity even if Plaintiff's conditions do not entirely satisfy all the criteria of the Listing." (ECF 21 at 7-8.) Plaintiff does not, however, explain how his conditions equal listing 1.05(B), though he, not the ALJ, bears the burden of establishing disability. *See Joe R. v. Berryhill*, 363 F. Supp. 3d 876, 886 (N.D. Ill. 2019) ("'It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability.'") (quoting *Scheck v. Barnhart*, 357 F.3d 697, 702 (7th Cir. 2004)). Accordingly, plaintiff's undeveloped claim of equivalence is not a basis for remand.

Plaintiff also argues that the ALJ erred by failing to determine whether plaintiff's impairments met or equaled listing 11.14. That listing, which is for peripheral neuropathy, requires "[d]isorganization of motor function in two extremities, . . . resulting in an extreme limitation . . . in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities." https://www.ssa.gov/disability/professionals/bluebook/11.00-Neurological-Adult.htm#11_14 (last visited June 17, 2022). Because the ALJ identified diabetic neuropathy as

4

one of plaintiff's severe impairments (*see* R. 18), plaintiff says her failure to determine whether he met listing 11.14 is grounds for a remand.

The Court disagrees. Even if the ALJ's failure to analyze listing 11.14 was error, it was a harmless one. *See Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010) ("The doctrine of harmless error indeed is applicable to judicial review of administrative decisions."). The record does not show that plaintiff's neuropathy causes an extreme limitation in his ability to stand up from a seated position, balance while standing or walking, or use his upper extremities. Absent such evidence, he cannot meet listing 11.14, and thus the ALJ's failure to address that listing is not a reason for remand.

Next, plaintiff challenges the ALJ's subjective symptom analysis. The relevant regulation instructs the ALJ to consider the following factors when analyzing a claimant's symptoms: the claimant's daily activities; the location, duration, frequency, and intensity of his pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication he takes to alleviate pain or other symptoms; treatment, other than medication, the claimant receives for relief of pain or other symptoms; measures other than treatment the claimant uses to relieve pain or other symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 16-3P, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017). The ALJ considered these factors and in so doing indicated which of plaintiff's symptom allegations she found to be supported. (*See* R. 21-23).

Plaintiff nonetheless contends that the symptom evaluation is doomed by the ALJ's inclusion of boilerplate language. (*See id.* at 21 ("After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be

5

expected to cause he alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limit effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.").) However, "the simple fact that an ALJ used boilerplate language does not automatically undermine or discredit the ALJ's ultimate conclusion if he otherwise points to information that justifies his credibility determination." *Pepper v. Colvin*, 712 F.3d 351, 367-68 (7th Cir. 2013). As noted above, such is the case here. Thus, the ALJ's use of boilerplate language is not a reason for remand.

Alternatively, plaintiff argues that the symptom evaluation is faulty because the ALJ made it without considering his twenty-year work history. That is true but, as plaintiff notes, the ALJ was not required to consider plaintiff's work history in evaluating his symptoms. (*See* ECF 21 at 12 (quoting *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016)). Accordingly, the ALJ's failure to consider plaintiff's work history in making the symptom evaluation is not a basis for remand.

Plaintiff also argues that the ALJ's RFC determination fails to accommodate his left foot amputation and diabetic neuropathy. (ECF 21 at 11.) The Court disagrees. First, plaintiff does not identify accommodations beyond those endorsed by the ALJ that he believes the evidence supports. Second, the RFC fashioned by the ALJ calls for sedentary work, limits plaintiff to standing two hours of an eight-hour workday, allows plaintiff to use a handheld assistive device for prolonged ambulation, walking on uneven terrain or ascending/descending slopes, prohibits him from using left foot controls, being near moving mechanical parts or unprotected heights, and using ladders, ropes, or scaffolds, all of which accommodate the limitations caused his left foot amputation and neuropathy. (R. 20.)

Alternatively, plaintiff contends that the RFC is faulty because it does not account for his obesity. The ALJ acknowledged that plaintiff had gained one hundred pounds since his amputation

and was obese. (R. 23.) But she also said that his medical records did not show that his weight caused him to have respiratory, cardiovascular, or musculoskeletal problems. (*Id.*) Plaintiff says that conclusion ignores both his October 28, 2019 report to his doctor that he had worsening knee pain and could not walk more than one hundred feet without pain and his testimony before the ALJ that it takes him a few minutes to stand up after sitting. (R. 41, 1111.) But in the musculoskeletal section of the doctor's notes to which plaintiff refers, the doctor says that plaintiff has no cyanosis, clubbing, edema, deformities, joint swelling, or atrophy. (R. 1112.) The ALJ was entitled to, and did, assign more weight to the doctor's objective findings than to plaintiff's subjective statements. The fact that she did so is not grounds for a remand.

Plaintiff next argues that the ALJ erred because she relied on the VE's response to the ALJ's first hypothetical question rather than the second, which incorporated a limitation of leg elevation. However, "[t]he fact that an ALJ considers adding a . . . limitation to an RFC does not establish that such a limitation is ultimately warranted." *Kathleen C. v. Saul*, No. 19 CV 1564, 2020 WL 2219047, at *6 (N.D. Ill. May 7, 2020); *see Perez v. Barnhart*, 2003 WL 22287386, at *10 (N.D. Ill. Sept. 30, 2003) (stating that reliance on VE testimony is not reversible error when "the hypothetical question posed to the VE was more restrictive than the limitations the ALJ ultimately assigned to the claimant"). Plaintiff testified that he needs to elevate his legs when he sits (R. 48-49), but there is no evidence that a doctor or other medical professional instructed him to do so. Absent such evidence, the ALJ's failure to adopt the VE's response to the second hypothetical question is not error.

**Conclusion**

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [20], grants the Acting Commissioner's motion for summary judgment [24], and terminates this case.

**SO ORDERED.**  **ENTERED: June 21, 2022**

**M. David Weisman**
**United States Magistrate Judge**